Curia, per

Earle, J.
The sale, in this case, seems to have been an extensive one, and probably continued through several days. The printed advertisement of the sale, in the Gazette, was not produced, and, probably, contained only a notice of the time of the sale, and the things to be sold, with, perhaps, the terms of credit, and the mode of securing payment. There were no written, or printed conditions of sale exhibited, or otherwise made known, on the day. It seems to follow, therefore, that the verbal declarations of the defendants, at the sale, constituted the conditions, by which they and the purchasers were to be bound. If there had been but a single negro sold, it is conceded on the part of the plaintiff, that the announcement of the defendants, that they warranted the title only, and not the soundness, would have been binding on the purchaser. But it is insisted, that each negro, constituted a separate sale, and that the verbal condition announced, did not attach to every individual negro, subsequently sold to different purchasers ; and that bidders, not proved to have been present at the beginning of the sale, are not to be presumed to have known the condition thus announced. There is much difficulty in laying down a rule on this subject, that shall be free from objection. There is no doubt that, at an auction sale, in regard to the entry in writ-ting, under the statute of frauds, to bind the purchaser, each article constitutes a separate purchase, and requires a proper entry. But it would be extremely inconvenient, *19 and, it seems to me, without any corresponding advantage at an auction sale of 50 negroes, by the same person, on the same day, in pursuance of previous notice, to require, in the absence of printed, or written conditions, that the seller should announce, on offering each negro, the whole of the terms and conditions of sale. These may embrace many particulars, as, for instance, cash, or credit, if the latter, for how long; the nature and form of the security; whether with, or without warranty, either of title, or soundness, or of both. Sales at auction should be accompanied with the most perfect openness and fairness. If the hour of sale is fixed by previous notice, the announcement of the conditions, verbally, before the hour, would not suffice. If made after the hour, or in case no hour be fixed, if made at the beginning of the sale, when the bidders may be supposed to be all assembled, and in such way, as to attract the attention, and reach the ears of the crowd ; I can perceive no reason, why it should be repeated on the sale of each particular negro. In the case supposed, would a person to whom a negro had been knocked down, toward the end of the sale, on the same day, be allowed to disclaim the purchase, on the ground of being required to pay cash, when he supposed it was a sale on credit, not being present when the terms were announced ; or on the ground of not being aware of the terms in any other particular 1 If printed, or written conditions are exhibited in one place, only, the bidders are presumed to know them'. If they are published aloud, at the beginning of the sale, why should not bidders be presumed to hear them 1 There are, always, terms of sale, and although not exhibited in writing, it is reasonable to suppose, that he who bids, has first inquired. The refusal to warrant the soundness of negroes was, here, only one of the conditions of the sale, of which the purchaser was as much bound to take notice, as that he would be required to pay part cash, or to give his nóte at 60 days, or his bond at 12 months; and if fairly and publicly announced, at the beginning of the sale, to the crowd of bidders, I think, would attach to the sale of each negro, in that gang, on that day. And such was the sale to the plaintiff, in this case. He did not prove that he was absent when the announcement *20 was made, or that he came to the place of sale afterwards, even if such proof could avail him. A majority of the Court thinks that the defendants are not required to prove that he was present.
Black & Arthur, for the motion.
Gregg & DeSaussure, contra.
This action is on the implied warranty; and it is material to bear in mind, that after the negro was bid off by the plaintiff, as the defendants allege under their refusal to warrant the soundness, he complied with the other terms of sale on his part, and accepted a bill of sale, from the defendants, warranting the title only. Now, it is true, that an express warranty of title does not exclude an implied warranty of soundness. But when the question is, whether the warranty of soundness was part of the contract, the acceptance of such a bill of sale affords strong evidence, that the plaintiff was not ignorant of the refusal to warrant. Motion refused.
We concur. J. S. Richardson, John Belton O’Neall, Josiah J. Evans, A. P. Butler.